UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAKIA JACKSON,

                Plaintiff,

  -v-                                      5:13-CV-68

SUNY UPSTATE MEDICAL UNIVERSITY
and KAREN BATTAGLIA, Individually,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

LEVINE, BLIT LAW FIRM              LEWIS G. SPICER, ESQ.
Attorney for Plaintiff
499 South Warren Street
Suite 500B
Syracuse, NY 13202

HON. ERIC T. SCHNEIDERMAN      TIMOTHY P. MULVEY, ESQ.
Attorney General of the State of New York   Ass't Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

      Plaintiff Lakia Jackson ("Jackson" or "plaintiff") brings this action against defendants SUNY Upstate Medical University and Karen Battaglia (collectively "defendants") alleging sex, race, and disability discrimination in violation of the Pregnancy Discrimination Act of

1978 ("PDA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), New York Human Rights Law ("NYHRL"), and the Americans with Disabilities Act ("ADA"). She seeks back and front pay, compensatory and punitive damages, and declaratory and injunctive relief.

On May 23, 2013, defendants filed a motion to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure ("Rule ___") 12(b)(6). Plaintiff opposed and sought leave to file a second amended complaint pursuant to Rule 15(a)(2). Defendants replied. The motion was taken on its submissions without oral argument.

## II. DISCUSSION

In her opposition to defendants' motion to dismiss, Jackson requests leave to file a second amended complaint[1] to add federal and state causes of action for retaliation as well as a hostile work environment claim. See Pl.'s Mem. Opp'n, Ex. C, ECF No. 16-3 ("Proposed Amended Complaint"). Defendants acknowledge plaintiff's request in their reply papers, but do not contest it.

A previously amended pleading may only be subsequently amended "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(A)(2). Absent consent, a court "should freely give leave when justice so requires." Id. Interpreting this liberal standard, the United States Supreme Court has directed that:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court,

---

[1] Jackson's original complaint incorrectly named "Upstate University Medical Associates at Syracuse, Incorporated" as a defendant. On April 23, 2013, plaintiff amended her complaint, substituting "SUNY Upstate Medical University" as the correct institutional defendant in the action. See ECF No. 8.

> but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 371 U.S. 178, 182 (1962).

Where a plaintiff seeks to amend her complaint while a motion to dismiss is pending, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss . . . ." Roller Bearing Co. of Am., Inc. v. Am. Software, Inc., 570 F. Supp. 2d 376, 384 (D. Conn. 2008) (citation omitted); see also Hamzik v. Office for People with Developmental Disabilities, 859 F. Supp. 2d 265, 273-74 (N.D.N.Y. 2012) (noting that "a court has a variety of ways in which it may deal with [a] pending motion to dismiss").

Here, Jackson seeks leave to amend her complaint to add causes of action for retaliation under Title VII, NYSHRL, the PDA, and the ADA. The Proposed Amended Complaint also includes a hostile work environment claim under Title VII and the PDA. Defendants' reply memorandum of law notes that Jackson "apparently also seeks leave to amend her complaint a second time to add causes of action for retaliation." Defs.' Reply Mem. 1. Despite this acknowledgment, defendants do not raise any arguments in opposition or otherwise contest the propriety of granting such leave. Rather, defendants raise a new argument in support of dismissal that plaintiff was not given an opportunity to oppose—Eleventh Amendment immunity under the ADA. See Defs.' Reply Mem. 7.

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (citing State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)); see also Hines v. City of Albany, 542 F. Supp. 2d 218, 224 (N.D.N.Y. 2008) (McCurn, S.J.) ("It is axiomatic that the party opposing an amendment has

the burden of establishing that leave to amend would be futile."). No such showing has been made here. Accordingly, plaintiff's request for leave to amend her complaint will be granted.

## III. CONCLUSION

Justice would plainly be served by granting Jackson's request for leave to file her Proposed Amended Complaint. It is also clear from defendants' newly raised Eleventh Amendment immunity argument that both parties would benefit from an opportunity to better determine what arguments they plan to assert at this juncture.

Therefore, it is

ORDERED that

1. Plaintiff's cross-motion for leave to file a second amended complaint is GRANTED;

2. Defendants' motion to dismiss is DENIED as moot;

3. Plaintiff is directed to file and serve her Proposed Amended Complaint (ECF No. 16-3) within twenty days of the date of this decision; and

4. Defendants are directed to answer or move against the newly amended pleading within twenty days of its service.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 4, 2013.
     Utica, New York.